UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re: KEYSPAN CORPORATION                CV 2001-5852 (ARR) (MDG)
SECURITIES LITIGATION
-------------------------------------------------------X

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated November 16, 2004, on the application of the parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement executed September 22, 2004 and filed on September 23, 2004 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that: *[handwritten: as set forth in Memorandum and Order dated Sept. 29...]*

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that the contributions to the Settlement Fund are fair and that said settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class.

4. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the Defendants.

5. The Court finds that the Stipulation and the settlement are fair, just, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and the settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform the terms of the Stipulation.

6. Upon the Effective Date hereof, the Lead Plaintiffs, Representative Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Parties, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release.

7. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Representative Plaintiffs' Counsel from all Settled Defendants' Claims (including Unknown Claims).

8. "Settlement Class" means all Persons who purchased KeySpan common stock between March 24, 2000 and July 17, 2001, inclusive. Excluded from the Settlement Class are KeySpan, the Individual Defendants and members of their immediate families, the members of the Kay family that formerly served as senior officers of Roy Kay, Inc., any entities in which any defendant has or had a controlling interest, any entities that are a parent or subsidiary of or are controlled by KeySpan, and any affiliates, legal representatives, heirs, predecessors, successors, and assigns of any of the Defendants. Those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the "Notice of Pendency and Settlement of Class Action" sent to potential Settlement Class Members are also excluded from the Settlement Class.

9. With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) Representative Plaintiffs's claims are typical of the claims of the Settlement Class; (d) the Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

10. The Notice of Pendency and Settlement of Class Action provided to the Settlement Class constitutes the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. No court order regarding the Plan of Allocation or the attorneys' fee and expense application shall disturb or affect this Judgment. Any such order shall be considered separate from this Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) any fault or omission of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

13. The Court finds that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest, and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purposes of construing, enforcing, and administering the Stipulation.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered

and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: Sept 29, 2004

THE HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

SERVICE LIST:

**Counsel for the Plaintiff Class:**

Mark David Smilow
Weiss & Lurie
551 Fifth Avenue
Suite 1600
New York, NY 10176

S. Gene Cauley
Cauley Bowman Carney & Williams LLP
P.O. Box 25438
Little Rock, AR 72221

**Counsel for the Defendants:**

Michael J. Chepiga
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3909

Paul Christopher Gluckow
Simpson Thacher & Bartlett
425 Lexington Avenue - 29th Floor
New York, NY 10017

Allison Rebecca Kimmel
Simpson Thacher & Bartlett
425 Lexington Ave.
New York, NY 10017

Steven J. Roman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, DC 20037